IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EARL L. TURNER,                          §
                                         §
                Plaintiff,               §
                                         §
V.                                       §          No. 3:14-cv-1704-L-BN
                                         §
NATIONSTAR MORTGAGE LLC,                 §
ET AL.,                                  §
                                         §
        Defendants.                      §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pre-trial

management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the

District Court. The undersigned magistrate judge issues the following findings of fact,

conclusions of law, and recommendation on Defendants' Motion to Dismiss [Dkt. No.

6].

**Background**

Plaintiff Earl L. Turner, proceeding *pro se*, filed a lawsuit in the 68th District

Court of Dallas County, Texas against multiple named and unnamed defendants,

alleging multiple causes of action centered around the imminent foreclosure of his

home. *See* Dkt. No. 1-2. Defendant Nationstar Mortgage, LLC subsequently removed

the case to this Court on the grounds that jurisdiction is proper under 28 U.S.C. §

1331. *See* Dkt. No. 1. Specifically, Defendant alleged that Plaintiff's claims alleging

violations of the Real Estate Settlement Procedures Act under 12 U.S.C. § 2605(e) and

of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692 establish this Court's jurisdiction over his claims. *See id.*

Defendants Barrett, Daffin, Frappier, Turner, & Engel, LLP, Elizabeth McDonald, Paige Bryant, Matt Lindsey, Robert Forster, Robert Maris, and Lisle Patton (collectively the "BDFTE Defendants") seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff has failed to state a claim against any of the BDFTE Defendants. *See* Dkt. No. 6. Specifically, the BDFTE Defendants assert that Plaintiff has failed to identify any conduct attributable to the BDFTE Defendants that is capable of supporting any of his alleged causes of action. *Id.*

The undersigned now concludes that Defendants Barrett, Daffin, Frappier, Turner, & Engel, LLP, Elizabeth McDonald, Paige Bryant, Matt Lindsey, Robert Forster, Robert Maris, and Lisle Patton's Motion to Dismiss [Dkt. No. 6] should be granted.

## Legal Standards

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

-2-

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See Katrina*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although [the United States Court of Appeals for] the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests

that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

In making these findings and conclusions, the undersigned has not considered the affidavit that Plaintiff attached to his response to the motion to dismiss to be properly presented evidence or to be part of the pleadings. *See* Dkt. No. 8 at 4-5 of 6; *Coach, Inc. v. Angela's Boutique*, No. H-10-1108, 2011 WL 2446387, at *2 (S.D. Tex. June 15, 2011) ("New facts submitted in response to a motion to dismiss to defeat the motion are not incorporated into the original pleadings. A plaintiff may not amend his complaint through any document short of an amended pleading." (citations and internal quotation marks omitted)).

### Analysis

Plaintiff asserts numerous claims in his complaint, which appear to be reducible to six distinct causes of action: (a) claims based on "show me the note" and "split the not" theories; (b) Fair Debt Collection Practices Act ("FDCPA") violations; (c) Real Estate Settlement Procedures Act ("RESPA") violations; (d) wrongful foreclosure; (e) action for replevin; and (f) a request for injunctive relief. *See* Dkt. No. 1-2. Plaintiff has not, however, stated sufficient facts to support any of these causes of action, even when accepted as true. The undersigned concludes that the claims in Plaintiff's complaint [Dkt. No. 1-2] should be dismissed for the reasons set forth below.

A.    Split the Note and Show Me the Note Theories

Plaintiff appears to assert claims based on both the "show me the note" and the "split the note" theories. *Id.* Each of these claims are easily disposed of, where the Fifth Circuit has definitively rejected both theories. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249 (5th Cir. 2013).

The "show me the note" theory posits that, to foreclose, a party must produce the original note bearing a "wet ink signature." *See id.* at 253. "Numerous federal district courts have addressed this question, and each has concluded that Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable without production of the original, signed note." *Id.* "The original, signed note need not be produced in order to foreclose." *Id.* at 254. Texas law does not "require the mortgage servicer to be the 'holder' of the Note [or] Deed of Trust or to produce the original loan documents." *Sawyer v. Mortgage Elec. Registration Sys., Inc.*, No. 3:09-cv-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010), *rec. adopted*, 2010 WL 996917 (N.D. Tex.

Mar. 17, 2010); *see also Darocy v. Chase Home Fin., LLC*, No. 3:10-cv-1259-L, 2012 WL 840909, at *10 (N.D. Tex. Mar. 9, 2012) (explaining that the Texas statute "contemplates that someone other than the holder of the original [loan documents] may lawfully foreclose on the security interest.").

The "split the note" theory posits that a transfer of a deed of trust without contemporaneous transfer of the note "splits" the note from the deed of trust, rendering both null. *See Martins*, 722 F.3d at 254. This theory requires a party to hold both the note and the deed of trust to foreclose. *See id.* Despite recognizing a "few" sources in Texas law that support the "split the note" theory, the Fifth Circuit noted that the "weight of Texas authority" suggests the opposite. *Id.* at 255. The Court of Appeals concluded that "the 'split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned. The party to foreclose need not possess the note itself." *Id*; *see also Warren v. Bank of Am., N.A.*, No. 3:11-cv-3603-M, 2012 WL 3020075, at *4 (N.D. Tex. Mar. 19, 2013), *rec. adopted*, 2013 WL 1131252 (N.D. Tex. June 19, 2012), *aff'd*, 566 F. App'x 379 (5th Cir. May 6, 2014) (transfer of the note or deed of trust automatically transfers the other because they "must be read ... and construed together as a single instrument."); *Islamic Ass'n of DeSoto Texas, Inc. v. Mortgage Elec. Registration Sys., Inc.*, No. 3:12-cv-613-D, 2012 WL 2196040, at *3 (N.D. Tex. June 15, 2012) ("'[T]he transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions.'" (citation omitted)).

Plaintiff's argument that the bifurcation of the note and the trust deed invalidates the Defendants' right to foreclose on the property is merely an iteration of the "split the note" theory and is invalid. *See* Dkt. No. 1-2 at 4. Plaintiff's additional argument that the failure to produce authenticated copies of the note bearing Plaintiff's original signature invalidates the Defendants' right to foreclose on the property is simply an assertion of the "show me the note" theory and is similarly without merit. *See id.* at 13. Several courts have considered analogous assertions of these theories and have found them without merit or any legal basis. *See Marban v. PNC Mortg.*, No. 3:12-cv-3952-M, 2013 WL 3356285, at *10 (N.D. Tex. July 3, 2013) (finding as meritless the theory that any securitization of the loan rendered the note and the accompanying deed of trust unenforceable and discharged a borrower's obligations under them.); *see also Wilson v. Bank of New York Mellon*, No. 3:12-cv-4636-M-BN, 2013 WL 5273328, at *5-*6 (N.D. Tex. Sept. 18, 2013).

Because the Fifth Circuit has rejected both the "split the note" and the "show me the note" theories, Plaintiff's claims based on these theories fail as a matter of law and should be dismissed with prejudice. *See Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986) (leave to allow a *pro se* plaintiff to amend is not required where "even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability" and it is clear that the plaintiff has already pleaded his "best case"); *see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) (leave to amend is unnecessary where a plaintiff's alleged fact could

not, as a matter of law, support the alleged claim, "[e]ven with every possible fact and inference resolved in favor of the plaintiff").

B.    FDCPA Violations

In their Motion to Dismiss, the BDFTE Defendants argue that Plaintiff has failed to allege "that the BDFTE Defendants are debt collectors as defined by the FDCPA" or "that Plaintiff is a consumer with a consumer debt as defined by the FDCPA." Dkt. No. 6 at 7. The BDFTE Defendants further state that Plaintiff has failed to specify any conduct by the BDFTE Defendants that is prohibited by the FDCPA. *See id.* "[T]o prevail on an FDCPA claim, the plaintiff must prove the following: 1) the plaintiff has been the object of collection activity arising from consumer debt; 2) the defendant is a 'debt collector' defined by the FDCPA; and 3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Vick v. NCO Fin. Sys., Inc.*, No. 2:09-cv-114, 2011 WL 1193027, at *2 (E.D. Tex. Mar. 7, 2011).

With respect to the first element of the test, Plaintiff has stated sufficient facts to indicate that the debt in question here is a consumer debt as defined by the FDCPA. *See* Dkt. No. 1-2 at 14. The FDCPA defines a consumer as a "natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692(a)(3). A "debt" is defined as an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money [or] property ... which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692(a)(5). To ascertain whether a debt constitutes a "consumer debt" with respect to the FDCPA, the

inquiry must "focus on the nature of the debt that was incurred." *Vicks*, 2011 WL 1195941, at *5.

Here, Plaintiff incurred the debt "for the purpose of obtaining title to real estate," specifically, the property located at "4121 Salem Street, Grand Prairie, Texas" – Plaintiff's residence. Dkt. No. 1-2 at 14. These facts are sufficient to state a claim that the indebtedness at issue is this case constitutes "consumer debt" for the purposes of the FDCPA.

The question of whether Plaintiff has been the object of collection activity arising out of this debt, however, is not entirely clear since the question of "whether the initiation of foreclosure proceedings qualifies as collecting a debt under the FDCPA remains an open question in the Fifth Circuit." *E.g.*, *Fath v. BAC Home Loans*, No. 3:12-cv-1755-O, 2013 WL 3203092, at *12 (N.D. Tex. June 25, 2013); *see also Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 765 (N.D. Tex. Mar. 15, 2013).

As to the second element, Plaintiff has stated facts that indicate that Defendant BDFTE was acting as a debt collector, but more facts are necessary to definitively reach this conclusion. *See* Dkt. No. 1-2 at 24. Under the FDCPA, a "debt collector" is "any person ... who regularly collects or attempts to collect ... debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). The statute also provides, however, that "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... (ii) concerns a debt which was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person" is <u>not</u> a debt collector. 15 U.S.C. §

1692(a)(6)(F). "The legislative history of section 1692(a)(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *modified on other grounds*, 761 F.2d 237 (5th Cir. 1985) (citing S. Rep. No. 95-382, 95th Cong., 1st Sess. 3, reprinted in 1977 U.S. Code Cong. Ad. News 1695, 1698).

Plaintiff has failed to allege sufficient facts to allow the Court to determine whether the debt was in default when it was assigned to Defendant Nationstar. *See* Dkt. No. 1-2. Without this information, the undersigned cannot determine with certainty whether the BDFTE Defendants constituted debt collectors under the statute. Some insight can be drawn, however, from two letters that Plaintiff filed with his complaint, both allegedly received by Plaintiff from BDFTE. *See id.* at 24-25.

The first refers to a qualified written request allegedly submitted by Plaintiff and includes the following language: "Pursuant to the Federal Fair Debt Collection Practices Act, we advise you that this firm is a debt collector attempting to collect the indebtedness referred to in the above paragraphs." *Id.* at 24. The second is a notice of acceleration letter allegedly received by Plaintiff from Defendant BDFTE, which similarly states: "THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT." *Id.* at 25 (emphasis in original).

In addition, if Plaintiff were not a "consumer" who owed a "consumer debt," and Defendant BDFTE were not a "debt collector" engaging in collection activity, there would be no need for Defendant BDFTE to include the statutorily mandated notice that

it was acting as a debt collector. The inclusion of this language in both items of correspondence indicates, at the very least, that Defendant BDFTE considered itself to be acting as a debt collector. *See id.* at 24-25. Plaintiff has stated facts that indicate that the BDFTE Defendants were acting in the capacity of debt collectors as contemplated by the FDCPA, so long as he is also able to establish that the debt was already in default at the time it was assigned to Defendant Nationstar.

Nonetheless, Plaintiff has failed to satisfy the third element of a claim for violations of the FDCPA. Plaintiff has not articulated any meaningful facts or identified any specific actions on the part of any defendant that are prohibited by the FDCPA. *See* Dkt. No. 1-2. Plaintiff merely asserts that "the foreclosing parties" have "undertaken an unfair and deceptive collection practice, involving false statements together with instruments that have been materially altered." *Id.* at 7. This vague and conclusory allegation is insufficient to state a cause of action for a FDCPA violation.

Without more, Plaintiff's generalized allegations of wrongdoing are insufficient to state a claim and therefore must be dismissed. Plaintiff's claim for violations of the FDCPA should be dismissed without prejudice.

C.    RESPA Violations

Plaintiff contends in his complaint that "Defendant" has violated 12 U.S.C. § 2605 by failing to acknowledge and respond to his qualified written request as required by the statute. *Id.* at 12. Plaintiff has failed to specify to which of the multiple defendants he has sued he is referring. Regardless, Plaintiff has failed to provide any facts sufficient to support this claim against any of the defendants.

To constitute a "qualified written request" under 12 U.S.C. § 2605, the request must be a "written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that ... includes, or otherwise enables the servicer to identify, the name and account of the borrower; and [that] ... includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). The request must be sent to the mortgage loan servicer and must only request "information relating to the servicing of such loan." *Id.* § 2605(e)(1)(A).

Plaintiff has failed to state any facts to establish that his alleged qualified written request met any of these requirements. *See* Dkt. No. 1-2. Plaintiff has not submitted a copy of the correspondence that he allegedly sent and has not included even the date on which he allegedly sent it. *See id.* Without knowing, at a minimum, the date on which Plaintiff allegedly sent his request, it is impossible to determine whether any of the defendants failed to respond within the statutorily mandated time period.

In addition, the only defendant who could even be expected to respond to a qualified written request pursuant to 12 U.S.C. § 2605 would be Defendant Nationstar Mortgage, LLC because only a "servicer of a federally related mortgage loan" is obligated to respond to a qualified written request from a borrower. 12 U.S.C. § 2605(e)(1)(A). And, even then, a mortgage loan servicer is only obligated to respond in the event that the borrower's written request meets all the requirements of the statute.

*See id.* Here, Plaintiff has not articulated any facts that, if true, would establish either that he sent a qualified written request to Defendant Nationstar Mortgage, LLC or that his alleged qualified written request complied with the requirements of 12 U.S.C. § 2605(e)(B). *See* Dkt. No. 1-2.

Plaintiff did attach to his complaint a copy of a letter that he allegedly received from BDFTE, in that defendant's capacity as counsel for Nationstar Mortgage, LLC, which purports to respond to "recent correspondence" from Plaintiff. *Id.* at 24. While this does support Plaintiff's contention that he sent some type of correspondence, this letter also appears to reflect (1) that Plaintiff did not send the correspondence to the mortgage loan servicer as required by the statute and (2) that Defendant BDFTE did, in fact, acknowledge and respond to Plaintiff's correspondence despite being under no legal obligation to do pursuant to the RESPA. *See* 12 U.S.C. § 2605(e)(1)(A); Dkt. No. 1-2 at 24. Because Defendant BDFTE is not the mortgage loan servicer, 12 U.S.C. § 2605(e) imposes no duty on BDFTE to respond to Plaintiff's correspondence. *See* 12 U.S.C. § 2605(e). Further, Defendant BDFTE states in the letter that Plaintiff's "dispute is not considered to be a valid dispute as [he] did not provide evidence to support a valid dispute," providing yet another indication that Plaintiff failed to comply with the requirements of the statute. Dkt. No. 1-2 at 24; *accord* 12 U.S.C. § 2605(e).

In any event, "a plaintiff must allege actual damages resulting from a violation of § 2605." *Bittinger v. Wells Fargo Bank NA*, 744 F.Supp.2d 619, 627 (S.D. Tex. 2010) (citing 12 U.S.C. § 2605(f)(1)(A)); *see also Hurd v. BAC Home Loans Servicing, LP*, 880

F. Supp. 2d 747, 768-69 (N.D. Tex. 2012). Plaintiff has failed to identify any damages suffered as a result of the alleged violations.

Plaintiff also misconstrues the damages allowed under 12 U.S.C. § 2605 to provide for "statutory damages in the amount of $2,000.00," in addition to "actual damages if any be proven, reasonable attorney's fees, and costs expended in this proceeding." Dkt. No. 1-2 at 12. But the statute provides that, in the event that a servicer fails to comply with any of the requirements, an individual can recover "(1) any actual damages to the borrower as a result of the failure; and (2) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance ... in an amount not to exceed $2,000." 12 U.S.C. § 2605(f)(1). Attorneys' fees are recoverable only in the event of a successful action under the statute. *See* 12 U.S.C. § 2605(f)(3).

Plaintiff has failed to articulate any meaningful or specific facts sufficient to support a claim for violations of 12 U.S.C. § 2605 with respect to any defendant and in particular with respect to Defendant Barrett, Daffin, Frappier, Turner & Engel, LLP. Nor has Plaintiff stated any facts sufficient to support a claim for damages resulting from these alleged violations.

Accordingly, Plaintiff's claim for violations of 12 U.S.C. § 2605 should be dismissed without prejudice.

D.    <u>Wrongful Foreclosure</u>

Plaintiff appears to allege a claim for wrongful foreclosure, asserting that the defendants lack the authority to foreclose. *See* Dkt. No. 1-2. As an initial matter,

Plaintiff's claim is fatally inconsistent with respect to a key element of a wrongful foreclosure claim – that a foreclosure sale has actually occurred. *See id.* at 7. Plaintiff alleges that the sale has yet to occur, stating instead that it is "imminent" and scheduled to occur on May 6, 2014. *Id.* at 7. (Plaintiff's Complaint was originally filed on April 29, 2014. *See* Dkt. No. 1-2.) In the very next paragraph, however, Plaintiff states that "[t]he foreclosure sale was completed and now the defendant or its agents are seeking to take possession." *Id.* at 7.

As these two statements are plainly irreconcilable, the undersigned is unable to determine whether the foreclosure sale has actually occurred. If the foreclosure sale has yet to occur, Plaintiff cannot state a claim for wrongful foreclosure. *See Martinez v. Wells Fargo Bank, N.A.*, No. 3:13-cv-1700-L-*BF,* 2014 WL 783477, at *3 (N.D. Tex. Feb. 27, 2014).

In an effort to broadly construe the Plaintiff's pleadings, the undersigned will next consider the claim under the alternative assumption the foreclosure sale has occurred. Plaintiff appears to assert as his basis for this claim that "[t]he defendant (foreclosing party) does not have the legal right to undertake the sale." Dkt. No. 1-2 at 7. It is unclear to which of the multiple defendants Plaintiff is referring. Specifically, Plaintiff contends that "A) [t]he foreclosing party failed to meet the notice requirements, or conditions precedent to the statutory right to foreclose; B) [t]he foreclosing party is and was not the mortgagee of record; C) [t]he foreclosing party had not been given the 'power of sale' as required by law; D) [t]he foreclosing party was not the holder of the note and mortgage or trust deed; [and] E) ... each part [of the trust

deed and note] had been bifurcated so that the trust deed is not an encumbrance against the property described in the notice." *Id.*

As to Plaintiff's first three arguments, Plaintiff has not alleged any specific facts to support these assertions. In the absence of the Deed of Trust itself or any material facts to support his contentions, these vague and conclusory arguments are insufficient to state a claim. Plaintiff's fourth and fifth arguments appear to reassert the "show me the note" and "split the note" theories that were rejected by the undersigned in the preceding analysis and need not be revisited here. In the absence of any actual facts to support his assertions, Plaintiff has failed to establish that any of the defendants lacked the authority to foreclose.

Regardless of whether Plaintiff has alleged that a foreclosure sale has occurred, Plaintiff has failed to state a claim for wrongful foreclosure. And, if Plaintiff is attempting to sue for attempted wrongful foreclosure, that claim also fails because Texas does not recognize a claim for attempted wrongful foreclosure. *See Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 454 (E.D. Tex. 2011).

Plaintiff has failed to allege sufficient facts or evidence to state a claim for wrongful foreclosure. Plaintiff's wrongful foreclosure claim should be dismissed without prejudice.

E.     Action for Replevin

A claim for replevin "is an action for the repossession of personal property wrongfully taken or detained by the defendant, whereby plaintiff gives security and holds the property until the court decides who owns it." *Acord v. Young Again*

-16-

*Products, Inc.*, No. H-11-3591, 2013 WL 754144, at *14 (S.D. Tex. Feb. 7, 2013) (internal quotation marks omitted). "Importantly, replevin requires the Plaintiffs to give security for the property whose return they seek, and such a cause of action is not sustainable in the absence of security." *Id.* (internal quotation marks omitted).

Here, Plaintiff has not given any type of security, without which a claim for replevin cannot be stated. *See id.* And a claim for replevin is simply inapplicable to the facts of this case because replevin is an action for the recovery of <u>personal</u> property. *See id.* Here, Plaintiff seeks recovery of <u>real</u> property – namely his residence. *See* Dkt. No. 1-2 at 14.

Plaintiff's claim for replevin fails as a matter of law and should be dismissed with prejudice. *See Brown*, 804 F.2d at 334; *Jacquez*, 801 F.2d at 791.

F.    <u>Request for Injunctive Relief</u>

Plaintiff requests both temporary and permanent injunctive relief enjoining Defendant from selling or attempting to sell the property. *See* Dkt. No. 1-2, at 10. "[A] request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010). Because the undersigned concludes that none of Plaintiff's claims can withstand dismissal, Plaintiff's requests for injunctive relief cannot survive and should be dismissed without prejudice. *See Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 935 (N.D. Tex. 2014).

G.    <u>Claims against the Non-Moving Defendants</u>

-17-

The Fifth Circuit has recognized that, when one defending party establishes that the plaintiff has no cause of action, this defense generally inures also to the benefit of other similarly situated defendants. *See Lewis v. Lynn,* 236 F.3d 766, 768 (5th Cir. 2001). In this case, the BDFTE Defendants have established that Plaintiff has failed to allege a factual basis for each cause of action. Dismissal of Plaintiff's claims applies equally to the causes of action against non-moving, similarly situated defendants, including Nationstar Mortgage, LLC and Mortgage Electronic Registration Systems.

## Recommendation

Plaintiff has failed to allege any specific facts sufficient to support his asserted causes of action. Accordingly, the BDFTE Defendants' Motion to Dismiss [Dkt. No. 6] should be granted; Plaintiff's claims in his complaint [Dkt. No. 1-2] based on "show me the note" and "split the not" theories and an action for replevin should be dismissed with prejudice; Plaintiffs' claims in his complaint [Dkt. No. 1-2] for FDCPA violations, RESPA violations, and wrongful foreclosure and his request for injunctive relief should be dismissed without prejudice; and the Court should grant Plaintiff 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint as to those claims that should be dismissed without prejudice and should order that, if Plaintiff fails to do so, the case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 30, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE