IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EARL L. TURNER,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:14-CV-1704-L-BN** |
| | § | |
| **NATIONSTAR MORTGAGE LLC,** | § | |
| **ET AL.,** | § | |
| Defendants. | § | |

# ORDER

This case was referred to Magistrate Judge David L. Horan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on October 30, 2014, recommending that Plaintiff's claims based on "show me the note" and "split the note" theories and replevin should be dismissed with prejudice; and that Plaintiff's claims for FDCPA violations, RESPA violations, and wrongful foreclosure, and his request for injunctive relief should be dismissed without prejudice. The magistrate judge also recommended that the court grant Plaintiff 21 days from the date of any order adopting this Report in which to file an amended complaint for those claims that he recommended the court dismiss without prejudice.

Plaintiff filed no objections. Instead, on November 17, 2014, Plaintiff filed his Request for Leave to Amend (Doc. 21). The court granted this request on January 30, 2015, and Plaintiff filed his Amended Complaint that same day.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct, **accepts**

them as those of the court, and **dismisses with prejudice** Plaintiff's claims based on "show me the note" and "split the note" theories and his claim for replevin.

As Plaintiff has already filed an amended pleading, there is no need to wait 21 days from the date of this order, as the Report originally recommended. The court accepts Plaintiff's Amended Complaint to the extent it complies with the magistrate judge's recommendation and this order. Plaintiff's Amended Complaint asserts claims for FDCPA violations; RESPA violations; and replevin. The court accepts this Amended Complaint as to the claims for FDCPA and RESPA violations. The court **strikes** that portion of Plaintiff's Amended Complaint that raises a claim for replevin, as the court previously dismissed this claim with prejudice.[*]

**It is so ordered** this 11th day of February, 2015.

Sam A. Lindsay
United States District Judge

---

[*] Replevin "is an action for the repossession of personal property wrongfully taken or detained by the defendant, whereby plaintiff gives security and holds the property until the court decides who owns it." Report (Doc. 20) 17 (citing *Acord v. Young Again Products, Inc.* No. 11-3591, 2013 WL 754144, at *14 (S.D. Tex. Feb. 7, 2013) (internal quotation marks omitted)); *see also Simmonds v. TDCJ*, No. 10-00361, 2010 WL 654498, at *8 (Tex. App.—Waco Feb. 24, 2010, no pet.) ("Replevin is an 'action for the repossession of personal property . . . .'") (citations omitted). According to the magistrate judge, "Plaintiff has not given any type of security, without which a claim for replevin cannot be stated . . . [a]nd a claim for replevin is simply inapplicable to the facts of this case because replevin is an action for recovery of personal property." Report (Doc. 20) 17. Accordingly, the magistrate judge recommended that the court dismiss with prejudice Plaintiff's claim for replevin, and the court accepted this recommendation.

**Order - Page 2**