IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EARL L. TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1704-L-BN |
| | § | |
| NATIONSTAR MORTGAGE LLC, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 11. Plaintiff Earl L. Turner, who is representing himself *pro se*, filed an Amended Complaint. *See* Dkt. No. 27. Defendants Barrett Daffin Frappier Turner & Engle, LLP ("BDFTE"), Elizabeth McDonald, Paige Bryant, Matt Lindsey, Robert Forster, Robert Maris, and Lisle Patton (collectively, the "BDFTE Defendants") filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *See* Dkt. No. 30. Defendant Nationstar Mortgage LLC ("Nationstar") also filed a Rule 12(b)(6) motion to dismiss. *See* Dkt. No. 43.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that both motions be granted.

**Background**

On December 19, 2002, Plaintiff Earl L. Turner executed a Deed of Trust ("Deed

of Trust"), which secured his $185,050.000 mortgage note ("Note") with property located at 4121 Salem Street, Grand Prairie, Texas ("Property"). *See* Dkt. No. 44-1 at 2-15. The Deed of Trust lien was payable to the Lender, which was identified as America's Wholesale Lender. *See id.* at 2. Under the Deed of Trust, the Property could be foreclosed on if Plaintiff defaulted on his payment obligations under the Note. *See id.*

The Deed of Trust was assigned by Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for America's Wholesale Lender, to Bank of America and filed in the Official Public Records of Dallas County, Texas, to be effective on April 10, 2012. *See* Dkt. No. 44-1 at 17-18. Plaintiff admits that he was in default on or about November 7, 2012, *see* Dkt. No. 27 at 5, when Bank of America initiated foreclosure proceedings, *see id.* at 31-32. BDFTE represented Bank of America in the foreclosure proceedings. *See id.* at 25-28.

The Deed of Trust was subsequently assigned to Nationstar on April 2, 2013 and was filed in the Official Public Records of Dallas County, Texas. *See id.* at 20-21. On April 13, 2013, Nationstar notified Plaintiff that it was the new mortgage servicer of the Note effective April 1, 2013. *See id.* at 35-36. On April 14, 2014, Nationstar initiated foreclosure proceedings**.** *See id.* at 25. The foreclosure sale was set for May 6, 2014. *See id.* at 27-28. The BDFTE Defendants represented Nationstar in the foreclosure proceedings. *See id.* at 31-32. Documentation from the BDFTE Defendants to Plaintiff stated that the firm of BDFTE "was a debt collector attempting to collect a debt." *See id.* at 31.

Plaintiff sued Nationstar, the BDFTE Defendants, MERS, and John Does 1-10 in the 68th Judicial District Court of Dallas County, Texas, and Nationstar timely removed the case to this court. *See* Dkt. Nos. 1, 1-2 at 2-28. The BDFTE Defendants then filed a Rule 12(b)(6) motion to dismiss. *See* Dkt. No. 6.

While the motion to dismiss was pending and after the undersigned entered Findings, Conclusions, and Recommendation, *see* Dkt. No. 20, Plaintiff filed a motion for leave to amend his complaint, *see* Dkt. No. 21. The Court granted the motion for leave to amend, *see* Dkt. No. 26, and Plaintiff filed his Amended Complaint on January 30, 2015, *see* Dkt. No. 27. The Amended Complaint asserted claims for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA"), "to set aside or vacate the sale," and for replevin. *See id.*

On February 11, 2015, the Court dismissed with prejudice Plaintiff's claims based on "show me the note" and "split the note" theories and Plaintiff's claim for replevin. *See* Dkt. No. 29. The Court accepted the Amended Complaint as to the claims for FDCPA and RESPA violations but struck the portion of the Amended Complaint that raised a claim for replevin. *See id.*

Nationstar and the BDFTE Defendants then filed Rule 12(b)(6) motions to dismiss the remaining claims raised in Plaintiff's Amended Complaint. *See* Dkt. Nos. 30 & 43. The BDFTE Defendants also contend that Plaintiff failed to state any claims against them because Plaintiff failed to articulate specific facts attributable to any of the individual BDFTE Defendants.

The undersigned now concludes that both motions to dismiss should be granted.

**Legal Standards**

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under

*Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [the United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial

notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

**Analysis**

In the Amended Complaint, Plaintiff asserts claims against Nationstar and the BDFTE Defendants for violations of the FDCPA, RESPA, to set aside or vacate the sale, and replevin.

The Court dismissed the replevin claim with prejudice and struck the portion of the Amended Complaint raising replevin. Therefore, the undersigned will not address the replevin claim here.

The Court also dismissed with prejudice Plaintiff's claims based on "show me the note" and "split the note" theories. Throughout the Amended Complaint, Plaintiff challenges Defendants' standing to foreclose, alleging that Nationstar was not the holder of the note and therefore did not have standing to foreclose. To the extent that Plaintiff's remaining claims can be construed as raising either the "show me the note" or "split the note" theories, they will not be considered here because they were already dismissed with prejudice.

The BDFTE Defendants argue that Plaintiff's allegations against them are too general to state a claim because Plaintiff refers to all defendants collectively and fails

to allege specific facts attributable to BDFTE or any of the individual BDFTE Defendants. Plaintiff may not rely on global allegations that defendants, as a group, committed acts or omissions but rather must show how each defendant committed acts or omissions that form the basis of his claims. *See Washington v. U.S. Dep't of Housing and Urban Dev.*, 953 F. Supp. 762, 770 (N.D. Tex. 1996). The undersigned will consider the sufficiency of Plaintiff's allegations against the BDFTE Defendants in the analysis of each of Plaintiff's remaining claims.

I. Plaintiff has failed to state a claim for violations of the FDCPA.

Plaintiff alleges that Defendants violated the FDCPA, specifically, 15 U.S.C. §§ 1692e(4) and (5) and 1692g(a) and (b). To prevail on a FDCPA claim, Plaintiff must prove that (1) he has been the object of collection activity arising from consumer debt; (2) the defendant is a "debt collector" defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *See Vick v. NCO Fin. Sys., Inc.*, No. 2:09-cv-114, 2011 WL 1193027, at *2 (E.D. Tex. Mar. 7, 2011).

The FDCPA applies only to a "debt collector," which is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Neither a mortgage servicing company nor a lender is considered a "debt collector" as long as the debt was not in default at the time it was assigned. *See Kareem v. Am. Home Mortg. Servicing, Inc.*, No. 3:10-cv-762-B-BD, 2011 WL 1869419, at *2 (N.D. Tex. Apr. 12, 2011), *rec. adopted*, 2011 WL 1868413 (N.D. Tex.

May 13, 2011), *aff'd*, 479 F. App'x 619 (5th Cir. 2012); *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007), *aff'd*, 269 F. App'x 523 (5th Cir. 2008). According to the Amended Complaint, Plaintiff was in default on or about November 7, 2012, the date of Bank of America's Notice of Acceleration. *See* Dkt. No. 27 at 5, 31-32. The Deed of Trust was assigned to Nationstar on April 3, 2014, and Nationstar's Notice of Acceleration was dated April 14, 2014. Taking Plaintiff's allegations as true, the debt was in default when it was assigned to Nationstar. The Court cannot conclude, then, on a Rule 12(b)(6) motion, that Nationstar was not, as a matter of law, a "debt collector" for purposes of the FDCPA.

Contrary to Defendants' assertion, whether the initiation of foreclosure proceedings and related actions and communications can qualify as collecting a debt under the FDCPA remains something of an open question in the Fifth Circuit. *See, e.g.*, *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 765 (N.D. Tex. 2013); *Fath v. BAC Home* Loans, No. 3:12-cv-1755-O, No. 2013 WL 3203092, at *12 (N.D. Tex. Jun. 25, 2013); *Caldwell v. Flagstar Bank, FSB*, No. 3:12-cv-1855-K-BN, 2013 WL 705110, at *10-*11 (N.D. Tex. Feb. 4, 2013), *rec. adopted*, 2013 WL 705876 (N.D. Tex. Feb. 26, 2013); *Brooks v. Flagstar Bank, FSB*, Civ. A. No. 11-67, 2011 WL 2710026, at *6 (E.D. La. July 12, 2011) (citing *Kaltenbach*, 464 F.3d at 529 n.5); *see also Brown v. Morris*, 243 F. App'x 31, 35 (5th Cir. 2007) (explaining that the Fifth Circuit "has at least implicitly recognized that a foreclosure is not *per se* FDCPA debt collection").

Because the undersigned does not find Defendants' general arguments against Plaintiff's potential FDCPA claims sufficient to warrant dismissal with prejudice in

this Rule 12(b)(6) context, the undersigned will undertake the required analysis to determine whether the claims were actually alleged and if so, whether dismissal with prejudice is proper.

"It is well-established that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citations and quotation marks omitted). When pleading a FDCPA claim, the plaintiff must meet Rule 8(a)'s liberal pleading standard. *See Cargile v. Baylor Health Care Sys.*, No. 3:04-cv-1362-B, 2005 WL 2245482, at *6 (N.D. Tex. Aug. 10, 2005). To determine whether Plaintiff met the Rule 8 pleading standard, a review of Plaintiff's Amended Complaint is required.

15 U.S.C. § 1692e bars debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The section then provides several activities that violate the FDCPA. Plaintiff pleads two of those violations: Section 1692e(4), which prohibits a "representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless action is lawful and the debt collector or creditor intends to take such action," and Section 1692e(5), which prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e.

Plaintiff alleges that Defendants threatened to sue him, take his home, evict him, sue for the unsecured balance, and report any unpaid debts to the Internal Revenue Service as taxable income but that Defendants had no intention of taking those actions. Plaintiff attaches evidence to the Amended Complaint showing that Defendants intended to foreclose on the property, which could lead to an eviction. And the non-judicial foreclosure and related actions such as suing for the unsecured balance are lawful. Plaintiff also alleges Defendants threatened to garnish his wages and intimidated him by having individuals trespass on his property to take photographs of the property. And Plaintiff alleges that Defendants acquired his personal and banking information and used it for their own personal gain and benefit and invaded his personal privacy both at home and the workplace.

Plaintiff does not state any further facts to support those allegations. But Plaintiff's *pro se* pleading of his Section 1692e(4) and 1692e(5) claims rises above the level of a threadbare or formulaic recitation of the elements of a cause of action supported by purely conclusory statements and is not subject to dismissal on the ground of pleading deficiencies on those grounds. Yet Plaintiff's Amended Complaint does fail to specify which defendants were engaged in the alleged conduct in violation of Section 1692e(4) and 1692e(5). And that is grounds for dismissal without prejudice. *See, e.g.*, *Darocy v. Grand Lending Group, L.P.*, No. 3:10-cv-1259-L, 2010 WL 3858724, at *4 (N.D. Tex. Sept. 30, 2010) ("Plaintiffs must identify which Defendants were actually involved in the attempt to foreclose and state specifically what each Defendant did that they believe was illegal or improper.").

15 U.S.C. § 1692g requires debt collectors to provide certain information to the debtor regarding the debt. Plaintiff alleges Defendants violated Sections 1692g(a) and (b). Section 1692g(a) requires a debt collector to provide the debtor with a notice of debt within five days after the initial communication with a consumer in connection with the collection of any debt, unless the information is contained in the initial communication. The information to be provided in the notice of debt includes the amount of the debt, the name of the creditor to whom the debt is owed, and statements that the debtor may dispute the debt, request debt validation, and be provided the name and address of the original creditor if different from the current creditor. Section 1692g(b) requires the debt collector to provide verification of the debt if the debtor disputes the debt within thirty days.

Plaintiff alleges that he received a notice of debt dated February 12, 2014 from BDFTE, signed by Elizabeth McDonald, on behalf of Nationstar. *See* Dkt. No. 27 at 39-41. The letter included the amount of the debt, the name and address of Navistar, to whom the debt was owed, and notice that Plaintiff could dispute the debt. *See id.* It did not include the name and address of the original creditor. *See id.*

Plaintiff disputed the debt in writing and requested validation of the debt and the name and address of the original creditor on February 28, 2014. *See id.* at 42-46. Plaintiff sent the letter to both Nationstar and BDFTE. *See id.* Plaintiff alleges that Defendants failed to provide him "with validation of the debt within five business days of contacting him," but Plaintiff does not allege that Defendants did not provide verification of the debt.

And, based on attachments to Plaintiff's Amended Complaint, it is clear that the debt was verified – Plaintiff attached to his Original Petition a copy of a February 3, 2014 letter from BDFTE verifying the debt under the FDCPA and providing Plaintiff with copies of the Note and Deed of Trust and with the name and address of both the original creditor, American Wholesale Lender, and the current creditor, Nationstar. *See* Dkt. No. 1-2 at 24.

Plaintiff cannot state a facially plausible claims based on Section 1692g, and Plaintiff's claims for violation of Section 1692g should be dismissed with prejudice.

Accordingly, the undersigned concludes that Plaintiff has failed to state a claim for violations of the FDCPA and that his 1692e(4) and 1692e(5) claims should be dismissed without prejudice and his 1692g(a) and 1692g(b) claims should be dismissed with prejudice.

II. Plaintiff fails to state a claim for violations of the RESPA.

Plaintiff alleges two separate violations of the RESPA: (1) "Defendant failed to acknowledge receipt of the qualified written request within 20 days," and (2) "Defendant failed to identify the owner of the note within 10 days of receipt of the letter." Dkt. No. 27 at 16. Plaintiff alleges that he mailed a qualified written request ("QWR") to "Defendants" on February 28, 2014 and attaches a copy to his Amended Complaint. *See* Dkt. No. 27 at 14, 48-54.

12 U.S.C. § 2605 provides that, if a loan servicer receives a QWR from the borrower for information relating to the servicing of the loan, the servicer must provide a written response acknowledging the receipt of the correspondence within 20 days

unless the action requested is taken within such period. *See* 12 U.S.C. § 2605(e)(1)(A). The RESPA also provides that the servicer shall not fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan. *See id.* § 2605(k)(1)(D). If the servicer fails to respond, the borrower may recover any actual damages. *See id.* § 2605(f).

Nationstar contends that Plaintiff failed to state a claim under Section 2605(e)(1)(A) because the February 28, 2014 letter does not meet the statutory definition of a QWR. For the purposes of Section 2605(e), "a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (I) includes or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(3)(1)(B). The qualified written request must also relate to the servicing of the loan. *See id.* § 2605(e)(1)(A).

Nationstar argues that the February 28, 2014 letter is not a QWR because the letter simply lists 35 different categories of documents and information that Plaintiff demands but does not include an explanation for "the reasons for the belief of the borrower ... that the account is in error" nor does it provide "sufficient detail to the servicer regarding other information sought by the borrower." *See Anderson v. CitiMortgage*, No. 4:10-cv-398, 2011 WL 2413415, at *3 (E.D. Tex. Jun. 10, 2011) ("The

QWR never states that Plaintiffs believe there is an error on the account or a basis for a belief that there is an error on the account. .... The letter is simply a list of twenty items or questions which Plaintiffs want answered. Some of the questions regard the 'servicing' of Plaintiffs' loan, but a majority do not."); *see also Ekundayo v. PNC Bank, Nat. Ass'n*, No. A-14-CA-142-SS, 2014 WL 5092625, at *5 (W.D. Tex. Oct. 9, 2014) (explaining that the "correspondence is not a QWR, but a 'rambling, repetitive,' eleven-page letter posing 'discovery-style document demands and interrogatories'") (citations omitted)). In the letter, Plaintiff requests records and answers to questions, but he does not state that the account is in error. *See* Dkt. No. 27 at 48-54. Even if some of the requests are for information about the servicing of his loan, the undersigned concludes that, on the whole, the letter cannot fairly be described as a QWR. Because the letter was not a QWR, Defendants were not required to respond to it.

Nevertheless, taking Plaintiff's allegations as true, even if Nationstar, the loan servicer, failed to respond to the letter within 10 days "to provide the identity, address, and other relevant contact information about the owner or assignee of the loan," that information previously had been provided in the February 12, 2014 letter. *See* Dkt. No. 27 at 39-41.

Accordingly, the undersigned concludes that Plaintiff has failed to state a facially plausible claim for violations of the RESPA and that Plaintiff's RESPA claims should be dismissed with prejudice.

III. <u>Plaintiff's claim to vacate or set aside the sale should be dismissed.</u>

Plaintiff seeks to vacate or set aside the sale of his property, but he does not

allege that a sale has occurred. Plaintiff thus has failed to state a facially plausible claim because "Texas does not recognize a cause of action for attempted foreclosure." *See James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446-47 (5th Cir. 2013).

Moreover, to the extent that Plaintiff's claim to vacate or set aside the sale is based on allegations that Defendants are not the owners or holders of the Note or that the Note and Deed of Trust have been bifurcated, those claims based on "show me the note" and "split the note" theories previously were dismissed.

IV. <u>Plaintiff's claims against the non-moving defendant should also be dismissed.</u>

The Fifth Circuit has recognized that, when one defending party establishes that the plaintiff has no cause of action, this defense generally inures also to the benefit of other similarly situated defendants. *See Lewis v. Lynn,* 236 F.3d 766, 768 (5th Cir. 2001). In this case, the BDFTE Defendants and Nationstar have established that Plaintiff has failed to allege a factual basis for each cause of action. Dismissal of Plaintiff's claims applies equally to the causes of action against Mortgage Electronic Registration Systems, a non-moving, similarly situated defendant.

**Recommendation**

The Court should grant BDFTE Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Dkt. No. 30] and Defendant Nationstar Mortgage, LLC's Rule 12(b)(6) Motion [Dkt. No. 43]. Plaintiff's claims against Defendants Barrett Daffin Frappier Turner & Engle, LLP, Elizabeth McDonald, Paige Bryant, Matt Lindsey, Robert Forster, Robert Maris, Lisle Patton, Nationstar Mortgage LLC, and Mortgage Electronic Registration Systems for violations of the Fair Debt Collection Practices Act

under 15 U.S.C. § 1692g, for violations of the Real Estate Settlement Procedures Act, and to set aside or vacate the sale should be dismissed with prejudice. Plaintiff's claims against Defendants Barrett Daffin Frappier Turner & Engle, LLP, Elizabeth McDonald, Paige Bryant, Matt Lindsey, Robert Forster, Robert Maris, Lisle Patton, Nationstar Mortgage LLC, and Mortgage Electronic Registration Systems for violations of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692e should be dismissed without prejudice. The Court should grant Plaintiff 14 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint to reallege his claims for violations of the Fair Debt Collection Practices Act under 15 U.S.C. §§ 1692e(4) and (5) and should order that, if Plaintiff fails to do so, the case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 13, 2015

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE