IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EARL L. TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:14-CV-1704-L-BN** |
| | § | |
| NATIONSTAR MORTGAGE LLC, | § | |
| ET AL., | § | |
| Defendants. | § | |

## ORDER

This case was referred to Magistrate Judge David L. Horan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on May 13, 2015, recommending that Plaintiff's claims against Defendants Barrett Daffin Frappier Turner & Engle, LLP, Elizabeth McDonald, Paige Bryant, Matt Lindsey, Robert Forster, Robert Maris, Lisle Patton (collectively, "BDFTE Defendants"), Nationstar Mortgage LLC ("Nationstar"), and Mortgage Electronic Registration Systems ("MERS") for violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692(g), violations of the Real Estate Settlement Procedures Act ("RESPA"), and that his request to set aside or vacate the sale of his property should be dismissed with prejudice. The magistrate judge additionally recommended that Plaintiff's claims against the BDFTE Defendants, Nationstar, and MERS for violations of the FDCPA under 15 U.S.C. 1692 § (e) should be dismissed without prejudice. Finally, the magistrate judge recommended that the court grant Plaintiff 14 days from the date of any order accepting his Report to file an amended complaint to reallege his claims for FDCPA violations under 15 U.S.C. § 1692(e).

On July 15, 2015, Plaintiff and the BDFTE Defendants submitted a Joint Status Report to inform the court that the parties reached a settlement. Accordingly, the court will deny as moot the BDFTE Defendants' motion to dismiss.

The parties that remain are Nationstar and MERS. Although MERS did not move to dismiss, the Report recommends that the court dismiss Plaintiff's claims against it, because the court's dismissal of Plaintiffs's claims applies equally to MERS, as a nonmoving, similarly situated defendant. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) ("[I]t would be 'incongruous' and 'unfair' to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants."). *Lewis* determined that "where a defending party establishes that plaintiff has no cause of action . . . this defense generally inures also to the benefit of a defaulting defendant." *Id.* (quotation marks and citations omitted). Plaintiff, however, has not served MERS, and MERS has not appeared in this action. Plaintiff refers to MERS as an incorporated entity. *See* Pl.'s Am. Compl. 21 (stating in his certificate of conference that he attempted phone contact with "Defendant Mortgage Electronic Registration Systems, Inc." and failed). Plaintiff has not shown that he served MERS's registered agent or that MERS's attorney accepted service on its behalf. As a result, the court lacks personal jurisdiction over MERS and, pursuant to Federal Rule of Civil Procedure 4(m), will order Plaintiff to serve MERS or show good cause for failing to serve it.

Plaintiff filed no objections. Instead, on November 17, 2014, Plaintiff filed his Request for Leave to Amend (Doc. 21). The court granted this request on January 30, 2015, and Plaintiff filed his Amended Complaint that same day. Additionally, on June 26, 2015, Plaintiff filed his Request for Leave to Amend Under Rule 60 (Doc. 82). Plaintiff's reliance on Rule 60 of the Federal Rules of Civil Procedure is misplaced, as there is no final judgment in this action. Nonetheless, Plaintiff

has not shown that he is entitled to the relief he requests. The court's scheduling order set the deadline for amendment of pleadings for December 12, 2014, and even after this deadline lapsed, the court granted Plaintiff leave to amend on January 30, 2015.[1] Ultimately, Plaintiff has failed to establish that good cause exists, and he is not entitled to an additional opportunity to amend.

Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a), the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S&W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal quotation marks, brackets, and citations omitted).

Plaintiff's motion fails to satisfy the standard set forth in Rule 16. Plaintiff asserts that he recently discovered additional claims and damages after the magistrate judge ordered an oral

---

[1] The court has modified the scheduling order to vacate the mediation deadline and dispositive motion deadline. The deadline for amendment of pleadings, however, remains unchanged.

**Order - Page 3**

deposition and granted a motion to compel. The court notes, however, that the magistrate judge ordered that the deposition of *Plaintiff* be taken and granted Defendant BDFTE's motion to compel. *See* Order (Doc. 67) 1. Plaintiff has not shown good cause for the amendment of the pleadings nor explained why Defendant BDFTE's deposition of him allowed for discovery of additional claims. Stated differently, Plaintiff has not described what additional evidence he discovered, why it was not available to him previously, and why the scheduling order's deadline could not be met despite his purported diligence. The court has already granted a request to amend after the scheduling order's deadline expired and will not grant another motion without the showing of good cause. In this instance, Plaintiff has not shown good cause and is not entitled to amend. The court notes that it will, nevertheless, accept the magistrate judge's recommendation and allow Plaintiff to amend his complaint for the limited purpose of repleading his claims for violations of the FDCPA under 15 U.S.C. § 1692(e)(4)-(5).

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct, **accepts in part and rejects in part** the Report. The court **rejects** the Report to the extent it relates to MERS as a nonmoving defendant. Plaintiff has not served MERS, and, therefore, the court lacks personal jurisdiction over it. Plaintiff may serve MERS **no later than August 21, 2015.** Failure to serve MERS without good cause shown will result in dismissal without prejudice.

The court **accepts** the remaining recommendations in the Report. Accordingly, the court **grants** Nationstar's Rule 12(b)(6) Motion, and **dismisses with prejudice** Plaintiff's claims against Nationstar for violations of the FDCPA under § 1692(g), violations of the RESPA, and his request

to set aside or vacate the sale. The court additionally **dismisses without prejudice** Plaintiff's claims against Nationstar for violations of the FDCPA under § 1692(e).

The court will allow plaintiff 14 days to file an amended complaint to replead his claims for violations of the FDCPA under 15 U.S.C. § 1692(e)(4)-(5). Plaintiff may file his amended complaint **no later than August 18, 2015**. If Plaintiff fails to file his amended complaint by this date, the court will dismiss Plaintiff's claims with prejudice pursuant to Rule12(b)(6) or without prejudice pursuant to Rule 41(b) for failure to prosecute or comply with a court order.

In light of Plaintiff's and the BDFTE Defendants' Joint Status Report, the court additionally **denies as moot** the BDFTE Defendants' Motion to Dismiss Plaintiff's Amended Complaint. The court will dismiss the BDFTE Defendants by separate order. The court also **denies** Plaintiff's Request for Leave to Amend under Rule 60 (Doc. 82), filed June 26, 2015..

**It is so ordered** this 4th day of August, 2015.

Sam A. Lindsay
United States District Judge