IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EARL L. TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1704-L-BN |
| | § | (Consolidated with |
| NATIONSTAR MORTGAGE LLC, | § | No. 3:15-cv-2708-L) |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 11. Plaintiff Earl L. Turner, who is representing himself *pro se*, filed a Second Amended Complaint. *See* Dkt. No. 92. Defendant Nationstar Mortgage LLC filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *See* Dkt. No. 94. Plaintiff filed a response, *see* Dkt. No. 97, Defendant filed a reply, *see* Dkt. No. 98, and Plaintiff filed a supplemental response, *see* Dkt. No. 99. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the motion be granted.

**Background**

On December 19, 2002, Plaintiff Earl L. Turner executed a Deed of Trust (the "Deed of Trust"), which secured his $185,050.000 mortgage note (the "Note") with property located in Grand Prairie, Texas (the "Property"). *See* Dkt. No. 44-1 at 2-15.

-1-

The Deed of Trust lien was payable to the Lender, which was identified as America's Wholesale Lender. *See id.* at 2. Under the Deed of Trust, the Property could be foreclosed on if Plaintiff defaulted on his payment obligations under the Note. *See id.*

The Deed of Trust was assigned by Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for America's Wholesale Lender, to Bank of America and filed in the Official Public Records of Dallas County, Texas, to be effective on April 10, 2012. *See* Dkt. No. 44-1 at 17-18. Plaintiff admits that he was in default on or about November 7, 2012, *see* Dkt. No. 27 at 5, when Bank of America initiated foreclosure proceedings, *see id.* at 31-32. The Deed of Trust was subsequently assigned to Nationstar on April 2, 2013 and was filed in the Official Public Records of Dallas County, Texas. *See id.* at 20-21. On April 13, 2013, Nationstar notified Plaintiff that it was the new mortgage servicer of the Note effective April 1, 2013. *See id.* at 35-36.

Plaintiff sued Nationstar and others in the 68th Judicial District Court of Dallas County, Texas, and Nationstar timely removed the case to this court. *See* Dkt. Nos. 1, 1-2 at 2-28. Defendants Barrett Daffin Frappier Turner & Engle, LLP, Elizabeth McDonald, Paige Bryant, Matt Lindsey, Robert Forster, Robert Maris and Lisle Patton ("BDTFE Defendants") filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See* Dkt. No. 6. On October 30, 2014, the undersigned entered Findings, Conclusions, and Recommendation that Plaintiff's claims based on "show me the note" and "split the note" theories and for replevin should be dismissed with prejudice and that his claims for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA"), wrongful foreclosure and his

request for injunctive relief should be dismissed without prejudice and Plaintiff should be given the opportunity to file an amended complaint as to the claims that should be dismissed without prejudice. *See* Dkt. No. 20.

On November 17, 2014, Plaintiff filed a motion for leave to amend the complaint, *see* Dkt. No. 21, which was granted on January 30, 2014, *see* Dkt. No. 26. The Amended Complaint was filed on January 30, 2015, and in it Plaintiff asserted claims for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA"), "to set aside or vacate the sale," and for replevin, *see* Dkt. No. 27.

On February 11, 2015, the District Court accepted the undersigned magistrate judge's recommendations and dismissed with prejudice Plaintiff's claims based on "show me the note" and "split the note" theories and Plaintiff's claim for replevin. *See* Dkt. No. 29. Because the Court had granted leave to file an amended complaint, the District Court accepted the Amended Complaint as to Plaintiff's claims for FDCPA and RESPA violations and struck the portion of the Amended Complaint that raised a claim for replevin because the Court had previously dismissed that claim with prejudice. *See id.*

Thereafter, Nationstar and the BDTFE Defendants filed Rule 12(b)(6) motions to dismiss Plaintiff's Amended Complaint. *See* Dkt. No. 30, 43. On May 13, 2015, the undersigned entered Findings, Conclusions, and Recommendation that both motions should be granted; that Plaintiff's claims for violations of RESPA and of the FDCPA under 15 U.S.C. § 1692g and to set aside or vacate the sale should be dismissed with

prejudice; and that Plaintiff's claims for violation of the FDCPA under 15 U.S.C. § 1692e should be dismissed without prejudice and Plaintiff should be given 14 days after an order adopting the Findings, Conclusions, and Recommendation to file an amended complaint to reallege his claims for violations of 15 U.S.C. §§ 1692e(4) and (5). *See* Dkt. No. 65.

On June 26, 2015, Plaintiff filed a Request for Leave to Amend Under Rule 60. *See* Dkt. No. 82. In his proposed second amended complaint, Plaintiff sought to assert claims for violations of the FDCPA under 15 U.S.C. §§ 1692e(4) and (5), 1692e(2)(A), and 1692e(11). *See id.*

On August 4, 2015, the District Court found that the undersigned magistrate's findings and conclusions were correct and accepted the undersigned magistrate's recommendations in part and rejected them in part. *See* Dkt. No. 90. Concurrently, the Court granted the agreed motion to dismiss the BDTFE Defendants with prejudice, *see* Dkt. No. 91, and dismissed the BDFTE Defendants' motion to dismiss as moot, *see* Dkt. No. 90. The Court also observed that it lacked personal jurisdiction over Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") and ordered Plaintiff to serve MERS or to show good cause for its failure to do so. *See id.*

As to Plaintiff's claims against Nationstar, the Court dismissed with prejudice Plaintiff's claims for violations of the FDCPA under 15 U.S.C. § 1692(g) and RESPA violations and his request to set aside or vacate the sale and dismissed without prejudice Plaintiff's claims for violations of the FDCPA under 15 U.S.C. § 1692(e). *See id.*

The Court also denied Plaintiff's Request for Leave to Amend Under Rule 60 [Dkt. No. 82]. The Court found that Plaintiff failed to establish good cause and was "not entitled to an additional opportunity to amend." *See id.* at 3. Nevertheless, the Court accepted the undersigned's recommendation and "allow[ed] Plaintiff to amend his complaint for the limited purpose of repleading his claims for violations of the FDCPA under 15 U.S.C. § 1692e(4)-(5)." *See id.* at 4.

On August 18, 2015*,* Plaintiff filed his Second Amended Complaint in which he asserted claims for violations of not only the FDCPA under 15 U.S.C. §§ 1692e(4) and (5) but also under 15 U.S.C. §§ 1692e(2)(A) and 1692e(11). *See* Dkt. No. 92. Plaintiff also filed a notice of voluntary dismissal of MERS, *see* Dkt. No. 93, leaving Nationstar as the only Defendant in the case.

On August 19, 2015, Plaintiff filed a new lawsuit against Nationstar. *See Turner v. Nationstar Mortgage LLC*, No. 3:15-cv-2708-L (N.D. Tex.) ("new case"). In that lawsuit, Plaintiff asserts claims for identity theft and failure to rescind under the Truth in Lending Act. *See* Dkt. No. 3. The new case was consolidated with the original case on September 4, 2015. *See* Dkt. No. 12 (new case); Dkt. No. 96 (original case).

Nationstar filed its motion to dismiss Plaintiff's Second Amended Complaint on September 1, 2015. *See* Dkt. No. 94. Nationstar seeks dismissal of all claims asserted in both the Second Amended Complaint in the original case, *see* Dkt. Nos. 92, 98, and the Complaint in the new case, *see* Dkt. No. 98.

The undersigned now concludes that the motion to dismiss should be granted.

## Legal Standards

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under

*Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [the United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial

notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th

Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008)

(directing courts to "consider the complaint in its entirety, as well as other sources

courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in

particular, documents incorporated into the complaint by reference, and matters of

which a court may take judicial notice").

## Analysis

I.   <u>Plaintiff's FDCPA claims should be dismissed with prejudice.</u>

In the Second Amended Complaint, Plaintiff asserts claims against Nationstar

for violations of the FDCPA under 15 U.S.C. §§ 1692e(4) and (5), 1692e(2)(A), and

1692e(11). The Court granted Plaintiff leave to amend only his claims under Sections

1692e(4) and (5) and denied Plaintiff's request for leave to amend to add claims for

violations of Sections 1692e(2)(A) and (11). *See* Dkt. No. 90.

A.   <u>Plaintiff has failed to state claims for violations of Sections 1692e(4)-(5).</u>

To prevail on a FDCPA claim, Plaintiff must prove that (1) he has been the

object of collection activity arising from consumer debt; (2) the defendant is a "debt

collector" as defined by the FDCPA; and (3) the defendant has engaged in an act or

omission prohibited by the FDCPA. *See Vick v. NCO Fin. Sys., Inc.*, No. 2:09-cv-114,

2011 WL 1193027, at *2 (E.D. Tex. Mar. 7, 2011).

The FDCPA applies only to a "debt collector," which is defined as "any person

who uses any instrumentality of interstate commerce or the mails in any business the

principal purpose of which is the collection of any debts, or who regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Neither a mortgage servicing company nor a lender is considered a "debt collector" as long as the debt was not in default at the time it was assigned. *See Kareem v. Am. Home Mortg. Servicing, Inc.*, No. 3:10-cv-762-B-BD, 2011 WL 1869419, at *2 (N.D. Tex. Apr. 12, 2011), *rec. adopted*, 2011 WL 1868413 (N.D. Tex. May 13, 2011), *aff'd*, 479 F. App'x 619 (5th Cir. 2012); *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007), *aff'd*, 269 F. App'x 523 (5th Cir. 2008). According to the Second Amended Complaint, Plaintiff was in default when the Deed of Trust was assigned to Nationstar on April 3, 2014. *See* Dkt. No. 92 at 1. Taking Plaintiff's allegations as true, the debt was in default when it was assigned to Defendant. The Court cannot conclude, then, on a Rule 12(b)(6) motion, that Defendant was not, as a matter of law, a "debt collector" for purposes of the FDCPA.

Contrary to Nationstar's assertion, whether the initiation of foreclosure proceedings and related actions and communications can qualify as collecting a debt under the FDCPA remains something of an open question in the Fifth Circuit. *See, e.g.*, *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 765 (N.D. Tex. 2013); *Fath v. BAC Home* Loans, No. 3:12-cv-1755-O, No. 2013 WL 3203092, at *12 (N.D. Tex. Jun. 25, 2013); *Caldwell v. Flagstar Bank, FSB*, No. 3:12-cv-1855-K-BN, 2013 WL 705110, at *10-*11 (N.D. Tex. Feb. 4, 2013), *rec. adopted*, 2013 WL 705876 (N.D. Tex. Feb. 26, 2013); *Brooks v. Flagstar Bank, FSB*, Civ. A. No. 11-67, 2011 WL 2710026, at *6 (E.D. La. July 12, 2011) (citing *Kaltenbach*, 464 F.3d at 529 n.5); *see also Brown v. Morris*, 243 F. App'x 31, 35 (5th Cir. 2007) (explaining that the Fifth Circuit "has at least implicitly

recognized that a foreclosure is not *per se* FDCPA debt collection").

Because the undersigned does not find Nationstar's general arguments against Plaintiff's potential FDCPA claims sufficient to warrant dismissal with prejudice in this Rule 12(b)(6) context, the undersigned will undertake the required analysis to determine whether the claims were actually alleged and if so, whether dismissal with prejudice is proper.

"It is well-established that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citations and quotation marks omitted). When pleading a FDCPA claim, the plaintiff must meet Rule 8(a)'s liberal pleading standard. *See Cargile v. Baylor Health Care Sys.*, No. 3:04-cv-1362-B, 2005 WL 2245482, at *6 (N.D. Tex. Aug. 10, 2005). To determine whether Plaintiff met the Rule 8 pleading standard, a review of Plaintiff's Second Amended Complaint is required.

15 U.S.C. § 1692e bars debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The section then provides several activities that violate the FDCPA. Plaintiff pleads two of those violations: Section 1692e(4), which prohibits a "representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person

unless action is lawful and the debt collector or creditor intends to take such action," and Section 1692e(5), which prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e.

In his Second Amended Complaint, Plaintiff asserts that Nationstar violated Sections 1692e(4)-(5) by threatening to take an action that it cannot legally take because it has no security interest in the rights of foreclosure under the Deed of Trust. Plaintiff alleges those acts include threats to foreclose on his homestead property, evict him, sue for the unsecured balance, and report any unpaid debts to the Internal Revenue Service as taxable income. As discussed above, Nationstar previously provided "chain of custody" evidence demonstrating its right to foreclose on Plaintiff's property and the Court denied Plaintiff's "show me the note" claim with prejudice.

Plaintiff also asserts that Nationstar violated Sections 1692e(4)-(5) by trespassing and taking photos of the property as part of the inspection of the property prior to foreclosure in an attempt to scare him, but he does not state how photographing or entering the property without his consent was false, deceptive, or misleading or how it related to an attempt to collect a debt other than through the foreclosure process generally.

Plaintiff also asserts that Nationstar violated Sections 1692e(4)-(5) by invading his personal privacy, specifically by requesting personal information that it should already possess, and threatening to report his net taxable income to the IRS. Plaintiff references exhibits to his Second Amended Complaint concerning an application for loan modification, and those exhibits include a request for completion of a tax form.

The requests for personal information on a loan modification and related financial documentation do not state a claim for violation of the FDCPA under Sections 1692e(4) or (5). *See, e.g.*, *Thompson v. Bank of Am., N.A.*, 783 F.3d 1022, 1026 (5th Cir. 2015) ("Communications in connection with the renegotiation of a loan do not concern the collection of a debt but, instead, relate to its *modification* and thus do not state a claim under [the Texas Debt Collection Act]") (emphasis in original); *Marshall v. Deutsche Bank Nat'l Trust Co.*, No. 4:10CV00754-BRW, 2011 WL 345988, at *4 (E.D. Ark. Feb. 1, 2011) ("correspondence associated with the loan modification cannot be debt collection notices within the meaning of §1692g(a) [of the FDCPA]").

Plaintiff also asserts that Nationstar violated Sections 1692e(4)-(5) by misrepresenting the amount alleged to be owed by Plaintiff or the amount of consideration given by Nationstar, but he does not explain the consideration to which he refers and he states no facts about when, how, to whom, or to what extent Nationstar allegedly misrepresented the amount of the debt or how the alleged misrepresentation of the amount of the debt constituted a violation of Sections 1692e(4) or (5). The duty to provide the amount of the debt and respond to any dispute by the borrower is governed by the FDCPA under Sections 1692g(a) and (b), and the Court previously dismissed Plaintiff's claims for violations of Section 1692g with prejudice. *See* Dkt. No. 90.

Plaintiff also asserts that Nationstar violated Sections 1692e(4)-(5) by failing to provide validation of debts within five business days of contacting Plaintiff. Again, Plaintiff provides no facts concerning this allegation. And, again, the validation of

debts is governed by the FDCPA under Section 1692g, and the Court previously dismissed Plaintiff's claims for violations of Section 1692g with prejudice. *See id.*

Accordingly, the undersigned concludes that Plaintiff has failed to state a claim for violations of Sections 1692e(4) and 1692e(5), and, after three opportunities to plead those claims, these claims should be dismissed with prejudice.

B.   <u>Plaintiff's claims filed without leave of court should be dismissed.</u>

Plaintiff sought leave to amend the Amended Complaint based on new or recently discovered claims. *See* Dkt. No. 82 (Request for Leave to Amend Under Rule 60). In the proposed Second Amended Complaint attached to that motion, Plaintiff sought to add claims against Nationstar for violations of the FDCPA under Sections 1692e(4) and (5), 1692e(2)(A), and 1692e(11). *See id.* The Court denied Plaintiff's Request for Leave to Amend Under Rule 60. *See* Dkt. No. 90 at 5. The Court also granted leave to amend his complaint for the limited purpose of repleading his claims for violations of the FDCPA under 15 U.S.C. § 1692e(4)-(5), *see id.* at 4, but did not grant leave to amend to add claims for violations of Section 1692e(2)(A) or Section 1692e(11). Those claims should be dismissed because they were filed without leave of court.

C.   <u>Plaintiff has failed to state a claim for violations of Section 1692e(2)(A).</u>

Section 1692e(2)(A) of the FDCPA prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Plaintiff alleges Nationstar violated Section 1692e(2)(A) by sending him a letter dated April 13, 2013 in which Nationstar notified Plaintiff that the servicing

-13-

of his mortgage loan had been transferred to Nationstar and that the loan was currently in an active or discharged bankruptcy status. *See* Dkt. No. 92 at 8 & n.18; Dkt. No. 82 at 56. Plaintiff alleges that this letter misrepresented the status of the debt because the loan was in default on April 2, 2013 and was subject to a Chapter 13 bankruptcy automatic stay on December 3, 2012. *See* Dkt. No. 92 at 5-6. Plaintiff filed for bankruptcy in the Northern District of Texas on December, 3, 2012, and the proceeding was dismissed on March 7, 2014. *See In re Turner*, No. 12-137640-bjh13 (Bankr. N.D. Tex.). Plaintiff scheduled the loan that was transferred from Bank of America, N.A. to Nationstar as a debt in the proceeding. *See id.*, Dkt. No. 19 at 11. Thus, even leaving aside that Plaintiff pleaded his Section 1692e(2)(A) claim without leave, according to public records of which the Court may take judicial notice, there was no misrepresentation because the loan was scheduled in an active bankruptcy at the time of the servicing transfer.

This claim is also barred by the statute of limitations. Section 1692k(d) provides that any claim for violation of the FDCPA must be brought within one year from the date on which the violation occurs. *See* 15 U.S.C. § 1692k(d). Because Plaintiff complains of statements made in the April 13, 2013 letter, his claim must have been brought by April 13, 2014.

Plaintiff's claim for violations of Section 1692e(2)(A) should be dismissed with prejudice.

D.    <u>Plaintiff has failed to state a claim for violations of Section 1692e(11).</u>

Section 1692e(11) prohibits failure to notify a consumer in initial written or oral

communications that the debt collector is attempting to collect a debt and that any information would be obtained for that purpose, and the failure to disclose in subsequent communications that the information is from a debt collector. *See* 15 U.S.C. § 1692e(11). Plaintiff alleges that Nationstar failed to disclose in its initial and subsequent written communications with Plaintiff that it was a debt collector attempting to collect a debt. Plaintiff states no other facts to support this claim.

The initial communication, in the April 13, 2013 letter, provides notice of transfer of the servicing of the loan under the provisions of RESPA and contains a disclaimer stating that Nationstar is not attempting to collect a debt. The letter does not mention payment terms or the amount due, default, or consequences for default. *See Kelly v. Nationstar Mtg., LLC*, No. 3:13-cv-00311-JAG, 2013 WL 5874704 (E.D. Va. Oct. 31, 2013) (notice of servicing transfer meant to comply with RESPA guidelines did not constitute attempt to collect debt under the FDCPA because the letter discussed the servicing of mortgage loan, did not discuss terms of payment, demand payment, threaten future action, or reflect default on loan); *Muller v. Midland Funding, LLC*, No. 14-CV-8117-KAM, 2015 WL 2412361, at *7 (S.D. Fla. May 20, 2015) ("the 2013 letter did not state that it was an attempt to collect a debt; it stated the opposite: 'this is not an attempt to collect debt.' The letter did not state that Plaintiff's purported account was in default, and it did not threaten consequences if Plaintiff failed to send an immediate payment."). Even leaving aside that Plaintiff pleaded his Section 1692e(11) claim without leave, Plaintiff does not state facts about any subsequent communications with Nationstar in which it failed to disclose that it was attempting

to collect a debt.

This claim should also be dismissed with prejudice because it is barred by the one-year statute of limitations for the same reason that his 1692e(2)(A) claim is time-barred. *See* 15 U.S.C. § 1692k(d).

Plaintiff's claim for violations of Section 1692e(11) should be dismissed with prejudice.

II.   <u>Plaintiff's claims in the new, consolidated lawsuit should be dismissed.</u>

In the Complaint in the new and consolidated lawsuit, Plaintiff asserts claims for identity theft and violations of the Truth in Lending Act. *See* Dkt. No. 3. Plaintiff addressed both of those claims in his responses to the motion to dismiss. *See* Dkt. No. 97 at 9-15.

A.   <u>Plaintiff fails to state a claim for identity theft.</u>

Plaintiff alleges that Nationstar obtained information about him from public documents, then falsely represented that it had a legal interest in his property, on which it threatened to foreclose, and subsequently induced him into applying for a loan modification, all in order to steal his personal information. In his response to the motion to dismiss, Plaintiff also argues that Nationstar's identity theft generally violated the FDCPA, the Fair Credit Reporting Act, and the Fair and Accurate Credit Transactions Act of 2003, but he does not identify which sections of those statutes were violated or state facts showing statutory violations. Other than referring to documents submitted as part of the loan modification application, which are attached to Plaintiff's complaint, Plaintiff fails to state sufficient facts to establish that Nationstar stole his

identity. To the contrary, Nationstar has established its legal right to foreclose under the deed of trust, and the loan modification documents Plaintiff attaches to the complaint demonstrate that Plaintiff sought a loan modification and voluntarily submitted requested information as part of the application process.

      B.    <u>Plaintiff fails to state a claim for violations of the Truth in Lending Act.</u>

Plaintiff asserts a claim for "failure to rescind" under the Truth in Lending Act ("TILA"), 15 U.S.C. §1635. The TILA "has the broad purpose of promoting the informed use of credit by assuring meaningful disclosure of credit terms to consumers." *Schieroni v. Deutsche Bank Nat'l Trust Co.*, No. Civ. A. H-10-663, 2011 WL 3652194, at *3 (S.D. Tex. Aug. 18, 2011) (internal quotation marks and citations omitted); *see also* 15 U.S.C. § 1601; 12 C.F.R. § 226.1(b). In certain credit transactions involving a lien on the borrower's principal dwelling, the borrower has "the right to rescind the transaction until midnight of the third business day following [its] consummation." 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a). The creditor must disclose this right to the borrower and provide him with the appropriate forms to enable him to exercise it. *See* 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b).

The Deed of Trust was dated December 19, 2002. *See* Dkt. No. 3 at 34. On May 4, 2015, Plaintiff provided Nationstar written notice that he intended to rescind his obligation under the deed of trust. *See id.* at 32-33. On May 19, 2015, Nationstar responded that the request for rescission was untimely under the Truth in Lending Act. *See id.* at 31. On May 28, 2015, Plaintiff provided Nationstar with written notice that it was in default for failure to timely rescind. *See id.* at 40-41.

TILA expressly provides that the right of rescission does not apply to residential mortgage transactions. *See* 15 U.S.C. § 1635 (e)(1); *Gipson v. Deutsche Bank Nat'l Trust Co.*, No. 3:13-cv-4820-L, 2015 WL 2069583, at *10 (N.D. Tex. May 4, 2015). A residential mortgage transaction is "a transaction in which a mortgage [or] deed of trust ... is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w); *Gipson*, 2015 WL 2069583, at *10. Because Plaintiff's mortgage is a residential mortgage, his right of rescission claim under TILA necessarily fails.

Even if the right of rescission was applicable to residential mortgages, Plaintiff's claim would be barred by the statute of limitations. The limitations period for a right of rescission claim under TILA is "three years after the date of the consummation of the transaction." 15 U.S.C. § 1635(f). In both his notice of rescission and notice of default for failure of rescission letters, Plaintiff asserts that equitable tolling precludes the running of the statute of limitations, and he refers to the United States Supreme Court's decision in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015). In *Jesinoski*, the Supreme Court addressed how the right to rescission is exercised, not when, and held that the borrower must provide written notice but need not also file a lawsuit before the three-year period elapses. *See id.* at 792-93. In this case, Plaintiff seeks to toll the statute of limitations for ten years, but, because Section 1635(f) completely bars any rescission claim filed after the three-year limitations period has run, equitable tolling does not apply to Plaintiff's claim for rescission as a matter of law. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1988); *Lowery v. Capital One*

*Mortg.*, 429 F. App'x 377, 378 (5th Cir 2011) (citing *Beach*).

III.   <u>Plaintiff should be denied further opportunity to amend.</u>

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-cv-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-cv-863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-cv-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complain in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-cv-41-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Nonetheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has amended his complaint in the original case twice and has filed a complaint based on the same underlying facts in the new, consolidated case. His new allegations in both cases have been considered, but Plaintiff still fails to state a claim upon which relief may be granted. Accordingly, Plaintiff has alleged his best case, and no further opportunity to amend his claims against Nationstar is warranted.

**Recommendation**

The Court should grant Defendant Nationstar Mortgage LLC's Motion to Dismiss Second Amended Complaint [Dkt. No. 94] and dismiss with prejudice all of Plaintiff's claims in both the original and consolidated lawsuits.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 13, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE