IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EARL L. TURNER,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:14-CV-1704-L** |
| | § | (Consolidated with Civil Action No. |
| **NATIONSTAR MORTGAGE LLC,** | § | 3:15-CV-2708-L) |
| *et al.*, | § | |
| Defendants. | § | |

## **ORDER**

Before the court is Defendant Nationstar Mortgage LLC's Motion to Dismiss Second Amended Complaint (Doc. 94), filed September 1, 2015; and Plaintiff's Objection and Motion to Set Aside or Vacate Magistrate's Order Dismissing with Prejudice (Doc. 101), filed November 24, 2015. On November 13, 2015, Magistrate Judge David L. Horan entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") recommending that the court grant Defendant Nationstar Mortgage LLC's Motion to Dismiss Second Amended Complaint (Doc. 94). The Report addresses Plaintiff's remaining claims against Defendant Nationstar Mortgage LLC ("Nationstar") for identity theft and alleged violations of the Federal Debt Collection Practices Act ("FDCPA")[1] and Truth in Lending Act ("TILA"). All claims against the other Defendants[2] in this

---

[1] The Report addresses Plaintiff's amended claims under section 1692e of the FDCPA, whereas the court's order of August 4, 2015, granted a prior motion to dismiss by Nationstar and dismissed with prejudice Plaintiff's FDCPA claim under section 1692(g), which was his claim for alleged violations of the Real Estate Settlement Procedures Act, and his request to set aside or vacate the sale of his property.

[2] These Defendants include Barrett Daffin Frappier Turner & Engle, LLP; Elizabeth McDonald; Paige Bryant; Matt Lindsey; Robert Forster; Robert Maris; Lisle Patton (collectively, "BDFTE Defendants"); Mortgage Electronic Registration Systems ("MERS"); and Does 1-10. Plaintiff's claims against the BDFTE Defendants were dismissed by agreement with prejudice on August 4, 2015 (Doc. 91). Plaintiff voluntarily dismissed his claims against MERS on August 18, 2015, under Rule 41(a) (Doc. 93). Plaintiff elected not to pursue his claims against Does 1-10 when he filed his Second Amended Complaint on August 18, 2015, which only named Nationstar as a defendant and asserted claims against Nationstar.

case were voluntarily dismissed by Plaintiff on August 4 and 18, 2015. The court construes Plaintiff's November 13, 2015 filing (Doc. 101) as objections to the Report. On December 2, 2015, Nationstar responded to Plaintiff's objections.

Having reviewed the motions, briefs, objections, file, record in this case, and Report, and having conducting a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **concludes** that Plaintiff's Second Amended Complaint fails to state claims upon which relief can be granted against Nationstar, and dismissal with prejudice of Plaintiff's remaining claims against Nationstar is appropriate. The court further **concludes** that Plaintiff has pleaded his "best case" and that further attempts to amend would be futile and unnecessarily delay the resolution of this case. Accordingly, the court will not allow Plaintiff an opportunity to further amend his pleadings. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

The court, therefore, **overrules** Plaintiff's objections; and **grants** Defendant Nationstar Mortgage LLC's Motion to Dismiss Second Amended Complaint (Doc. 94). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court **dismisses with prejudice** Plaintiff's remaining claims against Nationstar for identity theft and alleged violations of the FDCPA and TILA. As previously noted, Plaintiff's claims against all other Defendants were dismissed on August 4 and 18, 2015, and no further claims against Nationstar remain. Accordingly, judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 25th day of January, 2016.

Sam A. Lindsay
United States District Judge